IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 1:12CR59(6) LG-RHW
                                                CIVIL NO. 1:15CV325-LG

**MILTON SYLVESTER CUEVAS, JR.**

<u>**ORDER DISMISSING SUCCESSIVE § 2255 PETITION**</u>

BEFORE THE COURT is Defendant Cuevas' [327] "Petition To Assert A Claim Based On An Intervening Change In The Statutory Interpretation Of Law By A Controlling Authority, Pursuant To The Supreme Court Decision In *Johnson v. United States*, Title 28 U.S.C. § 2255(f)(3), § 2255(e), Rule 5 and 59(e) Of The Federal Rules Of Civil Procedure." The Court construes the filing as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and dismisses it for lack of jurisdiction.

DISCUSSION

In this Motion, Cuevas challenges the two-point enhancement to his sentencing guideline range resulting from his possession of a firearm during commission of a crime. The firearm was found in the vehicle Cuevas and a co-defendant were using to further a conspiracy to obtain and sell controlled substances. Cuevas objected to the two-point enhancement prior to sentencing on the grounds that he was simply a passenger in the vehicle and had no knowledge of the firearm. The objection was overruled by the Court.

Cuevas' current § 2255 Motion makes the same objection to the two-point

enhancement, relying in part on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The *Johnson* decision concerns sentencing under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1), *et seq.*, a statute not at issue in Cuevas' case.[1]  Therefore, to the extent that Cuevas relies on the *Johnson* decision, that reliance is unwarranted.  Even if Cuevas had been sentenced under the Armed Career Criminal Act of 1984, the Supreme Court did not expressly hold that the new rule of constitutional law announced in *Johnson* is retroactive to cases on collateral review.  *In re Gieswein*, No. 15-6138, 2015 WL 5534388, at *5 (10th Cir. Sept. 21, 2015); *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015); *but see Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) ("There is no escaping the logical conclusion that the Court itself has made *Johnson* categorically retroactive to cases on collateral review.").

Additionally, the Court has already considered a § 2255 motion filed by Cuevas, denying the earlier motion by Order entered November 12, 2014.  (ECF No. 273).  The Fifth Circuit Court of Appeals denied Cuevas' application of a certificate of appealability of the Order, thereby terminating review of his sentence.  (ECF No. 316).

In filing his current § 2255 Motion, Cuevas has failed to take a mandatory procedural step.  "A defendant is generally permitted only one motion under § 2255

---

[1] Cuevas was not subject to the Armed Career Criminal Act of 1984 because he was not sentenced for possession of a firearm as a person with "three or more earlier convictions for a 'serious drug offense' or a 'violent felony.'" *Johnson*, 135 S. Ct. at 2555 (citing 18 U.S.C. § 924(e)(1)).

and may not file successive motions without first obtaining [the Fifth Circuit's] authorization. *United States v. Hernandez,* 708 F.3d 680, 681 (5th Cir. 2013) (citing 28 U.S.C. § 2255(h)). A "later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998)

Cuevas' challenge to the two-point firearm enhancement on the basis that he did not "possess" the firearm could have been raised in his earlier § 2255 motion. The current § 2255 Motion is therefore successive. District courts do not have jurisdiction to consider successive § 2255 motions unless the Fifth Circuit Court of Appeals has authorized the successive motion. *Cain,* 137 F.3d at 235. There is no indication that Cuevas obtained authorization from the Fifth Circuit prior to filing his current § 2255 Motion. "If a second or successive section 2255 motion is filed in the district court before leave of [the Fifth Circuit] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to [the Fifth Circuit]." *In re Hartzog,* 444 F. App'x 63, 64–65 (5th Cir. 2011) (citing *Williams v. Thaler,* 602 F.3d 291, 301 (5th Cir. 2010); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)). The Court elects to dismiss Cuevas' Motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Cuevas' [327] "Petition To Assert A Claim Based On An Intervening Change In The

Statutory Interpretation Of Law By A Controlling Authority, Pursuant To The Supreme Court Decision In *Johnson v. United States*, Title 28 U.S.C. § 2255(f)(3), § 2255(e), Rule 5 and 59(e) Of The Federal Rules Of Civil Procedure" is **DISMISSED** for lack of jurisdiction.

    **SO ORDERED AND ADJUDGED** this the 29th day of September, 2015.

                                          s/ *Louis Guirola, Jr.*
                                          LOUIS GUIROLA, JR.
                                          CHIEF U.S. DISTRICT JUDGE